# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:18cr242 |
| | ) | **Electronic Filing** |
| **DONTE TAYLOR** | ) | |

## MEMORANDUM ORDER

AND NOW, this 8th day of January 2020, upon due consideration of defendant Dante Taylor's *pro se* motion to subpoena legal work from SCI Greene, IT IS ORDERED that [75] the motion be, and the same hereby is, denied. Defendant's bald generalizations seeking to establish prejudice as a result of the inability to transport legal materials as he was moved from state to federal custody when he first appeared on the pending charges in this court is unavailing. Defendant has had more than sufficient time to regenerate any legal materials to which he is entitled and for which he has a current legitimate need through the benefit of counsel and otherwise. And broad allegations seeking to invoke and establish a violation of a constitutional right fall woefully short of presenting a sound basis for the relief defendant seeks in the form of pretrial release or dismissal of the charges;

IT FURTHER IS ORDERED that upon due consideration of Dante Taylor's *pro se* motion to terminate representation/mandamus to right wrong, [76] the motion be, and the same hereby is, denied. The motion is moot to the extent it seeks to relieve Attorney Carey from representing defendant. The motion is without merit to the extent it seeks pretrial release because defendant has failed to demonstrate that the matter of pretrial detention has become ripe for reconsideration, see Doc. No. 33, and has failed to displace the statutory presumption that his release would create a danger to the community that arises under 18 U.S.C. § 3142(e)(2) in any event. And the testimony given at the suppression hearing further confirms the force of that

presumption here. The balance of the motion is denied for the same reasons set forth in preceding paragraph;

IT FURTHER IS ORDERED that upon due consideration of Dante Taylor's *pro se* motion to dismiss charges for speedy trial violations, [77] the motion be, and the same hereby is, denied. Contrary to defendant's bald assertion and reference to inapplicable authority, the record unequivocally demonstrates that defendant has been prosecuted in a timely manner and he has failed to demonstrate that his statutory and/or constitutional right to a speedy trial has been violated. Furthermore, the case has been set for jury selection on January 29, 2020, thereby providing him with a timely and meaningful trial on the pending charges. The balance of the motion is denied for the same reasons set forth in first paragraph of this Memorandum Order;

IT FURTHER IS ORDERED that upon due consideration of Dante Taylor's *pro se* motion for enlargement of all pretrial detainee rights and access to a law library, [85] the motion be, and the same hereby is, denied. Contrary to defendant's unfounded assertion, the pretrial detention authorized by 18 U.S.C. § 3142 is neither a form of punishment nor a restriction on defendant's liberty that must be treated as equivalent with a form of house arrest. Defendant's generalizations seeking to establish prejudice as a result of the inability to research legal matters is unavailing. As previously noted, defendant has had more than sufficient time to generate any legal materials to which he is entitled and for which he has a legitimate need in order to defend against the pending federal charges through the benefit of counsel and otherwise. A review of his numerous submissions into the record implicitly confirm that he has had more than ample access to legal resources. The use to which he has put such resources is one of his own choice and reflects an undertaking that he has pursued at his own peril. Moreover, conclusory assertions that defendant is being held in slavery and has been unable to prepare properly to address any legal issues do not provide grounds to support a constitutional violation and fall

woefully short of presenting a sound basis for the relief defendant seeks in the form of pretrial release or dismissal of the charges;

IT FURTHER IS ORDERED that upon due consideration of Dante Taylor's *pro se* motion to produce the complaint, [92] the motion be, and the same hereby is, denied. The record reflects that defendant has been indicted by a grand jury. A sufficient number of the members of that grand jury found that there was probable cause to believe defendant had committed the offense of possession with intent to distribute 28 grams or more of cocaine base, and quantities of cocaine, heroin, fentanyl and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C) and 841(b)(1)(D), or aided and abetted this offense in violation of 18 U.S.C. § 2. Defendant was arraigned on September 27, 2018, and was queried by the Magistrate Judge as to the pending charges. He also has had the benefit of reviewing the charges with counsel over the past several months. This is more than sufficient process with regard to understanding the charges against him. And by defendant's own submissions it is clear that he is familiar with this process and these charges. See Motion for Release (Doc. No. 104) at ¶¶ 1-3;

IT FURTHER IS ORDERED that upon due consideration of Dante Taylor's *pro se* motions for release from custody [89], [97], [100], [104] the motions be, and the same hereby are, denied. As previously explained, defendant's pretrial detention is authorized by his waiver and 18 U.S.C. § 3142. And the record as developed at the suppression hearing clearly supports that detention. Defendant's convenient failure to appreciate the import of the applicable federal statute on pretrial detention does not supply a basis for a contrary decision;

IT FURTHER IS ORDERED that upon due consideration of Dante Taylor's *pro se* "notice of acceptance for value," which seeks release based on the contention that defendant has paid any debt he owes to the United States in full, [109] the motion be, and the same hereby is, denied. Defendant is not detained pursuant to a civil obligation. To the contrary, and as he full

3

well knows, he has been indicted by a grand jury and detained after an informed decision to waive his right to a detention hearing until the issue of bail becomes legally relevant. See Waiver of Detention Hearing and concomitant Order of Detention of October 17, 2018, at Doc. No. 33; and

IT FURTHER IS ORDERED that upon due consideration of Dante Taylor's *pro se* motion for dismissal based upon sovereign citizenship, [107] the motion be, and the same hereby is, denied. Defendant's contention that he is entitled to release because he is from Morocco and/or is of Moorish decent is fanciful and based on indisputably meritless legal theory in any event.

        s/David Stewart Cercone
        David Stewart Cercone
        Senior United States District Judge

cc:     Shanicka L. Kennedy, AUSA
       James J. Brink, Esquire
       Robert E. Mielnicki, Esquire

       United States Marshal

       (*Via CM/ECF Electronic Mail*)

       Donte Taylor
       DOC & POD Number 116155
       Allegheny County Jail
       950 2nd Ave.
       Pittsburgh, PA 15219-3100

       *(Via United States Postal Service Mail)*