IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                                             )
            v.                     )        2:18cr242
                                           )        **Electronic Filing**

DONTE TAYLOR                 )

## <u>MEMORANDUM ORDER</u>

AND NOW, this 8th day of January, 2020, upon due consideration of defendant Dante Taylor's *pro se* motions for a bill of particulars, IT IS ORDERED that [86], [111] defendant's motions be, and the same hereby are, denied.

Defendant's motions for a bill of particulars are predicated on the following:

The power of Congress to punish is confined to the "territorial jurisdiction" of the United States; the Commonwealth of Pennsylvania is not within the territorial jurisdiction of the United States; the congressional authority to define crimes occurring outside the territorial jurisdiction emanates from the Commerce Clause; the power to regulate pursuant to the Commerce Clause does not include the enumerated power to punish; because the felony offense charged here occurred in Pennsylvania, it is beyond the reach of the congressional power to punish within the territorial jurisdiction of the United States; because the indictment does not allege that the felony offense occurred in the territorial jurisdiction of the United States, the indictment fails to contain an essential element of the charge, that being the proper jurisdictional reach of the United States' authority to punish; in other words, the indictment fails to contain the essential facts to establish jurisdiction over the crime charged and thus fails to inform defendant of the nature of the charges and the essential elements required to convict and punish him for a crime against the United States. <u>See</u> <u>generally</u> Request for Bill of Particulars (Doc. No. 86) and Ex Parte Motion for a

Bill of Particulars (Doc. No. 111). A bill of particulars is needed to establish the essential element of territorial jurisdiction. Id.

A bill of particulars should be granted when the indictment is so vague that it fails to advise the defendant of the nature of the charges. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir.), cert. denied, 405 U.S. 936 (1972). In Addonizio, the Third Circuit set forth three general scenarios where a bill of particulars is appropriate: (1) to inform the defendant of the nature of the charges being brought against him so that he may adequately prepare his defense; (2) to avoid undue surprise at trial; and (3) to protect against double jeopardy because of an inadequately described offense. Addonizio, 451 F.2d at 63-64. In other words, a bill of particulars may be used to inform the defendant of the nature of the charges so that he or she may prepare an adequate defense, avoid surprise during trial and protect against any potential second prosecution for the same offense. United States v. Rosa, 891 F.2d 1063, 1065 (3d Cir. 1989).

The purpose of a bill of particulars is to provide the defendant with the minimum amount of information necessary to allow the preparation of an adequate defense. It is not intended to equip a defendant with the fruits of the government's investigation. United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). Where the indictment provides sufficient information to place the defendant on notice of the charged criminal conduct, requests seeking the "when, where and how" of any overt acts are "tantamount to a request for wholesale discovery of the government's evidence[,]" and therefore properly are denied. United States v. Adusei, 2009 WL 2045619 *8 (W.D. Pa. July 14, 2009) (Diamond, J.) (citing United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975)).

"In ascertaining whether a bill of particulars is appropriate, the court may consider not only the indictment, but also all the information which has been made available to the defendant." United States v. Fischbach & Moore, Inc., 476 F. Supp. 1384, 1389 (W.D. Pa. 1983) (citing United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972), cert. denied, 409 U.S. 914 (1972)). The motion properly is denied where the record as a whole demonstrates that ample opportunity exists for adequate preparation of the defense. Kenny, 462 F.2d at 1212.

Here, the indictment informs defendant that the crime charged occurred on May 10, 2018, in the Western District of Pennsylvania. The criminal case information sheet informs defendant that the offense allegedly occurred in Allegheny County, Pennsylvania. As highlighted in the Receipt for Rule 16.1 Material, defendant also has been made aware that the government intends to introduce photographs from the search of 16 Seward Street, Duquesne, PA 15110, a Duquesne Police Department Incident Report and signed consent to search by Ericka Smith (5 pages) and three (3) documents containing lab results. In addition, the initial Commonwealth of Pennsylvania Criminal Complaint (9 pages) highlighting the grounds for the charges has been provided to defendant. Finally, at this juncture defendant has had the benefit of witnessing the government's presentation of evidence at the suppression hearing held in this court on May 31, 2019.

Access to the documents and statements summarizing the evidence and testimony the government principally will rely on to construct its case undercuts the need for a bill of particulars. United States v. Urban, 404 F.3d 754, 772 (3d Cir. 2005) (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars."). It is apparent that defendant has been provided with a sufficient overview of the key documents and testimony pertaining to the government's case. Included within this array of

3

information is the precise location where the alleged crime occurred.  And contrary to

defendant's misinformed understanding, that location is within a jurisdiction that Congress may

regulate under its Commerce Clause authority.  And this authority includes among other things

the ability to punish harshly the distribution of and/or the possession with the intent to distribute

cocaine base in the form commonly known as crack.  See e.g. Dorsey v. United States, 567 U.S.

260, 265-270 (2012) (discussing the historical treatment of punishment for crack cocaine in the

United States under the Anti-Drug Abuse Act of 1986 and certain amendments thereto); 21

U.S.C. §§ 841(a)(1) and (b)(1).   The use of a bill of particulars to obtain further disclosure of the

government's evidence beyond the disclosures that already have been made is inappropriate.


         s/David Stewart Cercone
         David Stewart Cercone
         Senior United States District Judge


cc:    Shanicka L. Kennedy, AUSA
       James J. Brink, Esquire
       Robert E. Mielnicki, Esquire

       United States Marshal

       (*Via CM/ECF Electronic Mail*)

       Donte Taylor
       DOC & POD Number 116155
       Allegheny County Jail
       950 2nd Ave.
       Pittsburgh, PA 15219-3100

       *(Via United States Postal Service Mail)*