IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal No. 18-242<br>DONTE TAYLOR, )<br>)<br>Defendant. ) | |

### MEMORANDUM ORDER

Following a jury trial, Defendant was convicted of one count of possession with intent to distribute 28 grams or more of crack cocaine and quantities of mixtures and substances containing detectable amounts of cocaine, heroin, fentanyl and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C) and 841(b)(1)(D).  (Docket Nos. 134, 174).  He subsequently was sentenced to 264 months' imprisonment followed by an 8-year term of supervised released.  (Docket No. 225).  On appeal, the Third Circuit Court of Appeals vacated Defendant's conviction and remanded the case to the District Court for a new trial.  (Docket Nos. 236, 237-2). Upon remand, Defendant's case was reassigned to this member of the Court.  At present, Defendant's pretrial motion filing deadline is August 1, 2022.  (Docket No. 249).  He is currently detained at the Northeast Ohio Correctional Center ("NEOCC").

On June 14, 2022 at 5:19 p.m., Defendant filed a Motion for Temporary Release, in which he requests to be temporarily released from the NEOCC at 8:00 a.m. on June 17, 2022 until 4:00 p.m. on June 19, 2022, in order to attend his youngest sister's high school graduation at a location in Norfolk, Virginia, which is 491 miles away from the NEOCC.  (*See* Docket No. 252, ¶¶ 7, 17).  As set forth in Defendant's Motion, the Government opposes Defendant's request.  (*See id.*, ¶ 18).

1

Defendant seeks temporary release from custody under 18 U.S.C. § 3142(i), which provides as follows:

> The judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***

18 U.S.C. § 3142(i) (emphasis added). In moving for temporary release, the burden rests with Defendant to demonstrate that such release is warranted. *See United States. v. Wilburn*, 2:18-cr-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020) (explaining burden rests with movant to show that § 3142(i) permits his temporary release). To sustain his burden, Defendant must demonstrate the presence of two factors: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason; and (2) that he could be released to the custody of the United States marshal or another appropriate person. *See United States v. Williams*, 2:20-cr-81, 2020 WL 4431565, at *2 (W.D. Pa. July 31, 2020).

As to the first factor, Defendant submits that his request to attend his sister's high school graduation is a compelling reason for temporary release, but cites case law concluding that this may not constitute a compelling reason. (*See* Docket No. 252, ¶ 12) (citing *United States v. Sosa*, Case No. 1:22-CR-00086-DCN, 2022 WL 1689302 (D. Idaho May 26, 2022) (denying request for pre-trial furlough to attend son's graduation ceremony)). The Court is sympathetic to the circumstances of Defendant's request to attend his sister's graduation; however, "an examination of the defendant's dangerousness and risk of flight is appropriate when deciding a temporary release motion." *Williams*, 2020 WL 4431565, at *2 ("When the court interprets 'compelling reason', it should do so against the backdrop of the Bail Reform Act as a whole."). Such examination counsels against temporary release here.

First, while Defendant is presumed innocent of the charged offense, the Court cannot discount the significant penalty he faces for the serious drug trafficking offense with which he has been charged – that is, a term of not less than five years and up to 40 years' imprisonment if he is convicted. Additionally, the Government has filed a § 851 Information in this case, (Docket No. 143), which would increase the penalty to not less than ten years and up to life imprisonment if he is convicted. Further, as Defendant candidly acknowledges, "he has a prior criminal history for offenses involving drugs and firearms and for having committed offenses while on probation or parole." (Docket No. 252, ¶ 16) (citing PIR, ¶¶ 27-36). To that end, Defendant's presentence investigation report indicates that he has sustained five prior controlled substance convictions and two prior firearms convictions, as well as convictions for false identification to law enforcement, insurance fraud and disorderly conduct. (Docket No. 201, ¶¶ 27-36). Notably, in 2010, Defendant was found guilty of two counts of possession with intent to deliver a controlled substance for which he was sentenced to consecutive terms of three to six years' incarceration and five to ten years' incarceration. (*Id.*, ¶ 34). He was paroled in September 2017, but he was then charged in this case for conduct which is alleged to have occurred on or about May 10, 2018. (*Id.*; Docket No. 134). Therefore, despite having served a lengthy period of incarceration, Defendant was not deterred from allegedly engaging in the conduct involved in this case not long after his release. In this Court's estimation, Defendant's criminal history, which primarily involves controlled substance and firearms offenses, indicates that he poses a risk of danger to the community. All told, given the information available to the Court, Defendant has not demonstrated that attending his sister's high school graduation is a compelling reason warranting his temporary release under § 3142(i). *See Williams*, 2020 WL 4431565, at *3 (finding that the defendant failed to demonstrate that request to attend

3

funeral was a compelling reason warranting his temporary release under § 3142(i)).

While the above analysis is sufficient reason to deny Defendant's request for temporary release, Defendant also has failed to establish that the second factor of § 3142(i) is satisfied. As this Court recently noted, the United States Marshals Service no longer performs escorted furloughs, thus Defendant must demonstrate that temporary release to "another appropriate person" is proper. *See United States v. Wood*, Crim. No. 21-385-23, 2022 WL 1689511, at *2 (W.D. Pa. May 26, 2022). Defendant submits that his daughter, Arianna Thompson, will serve as a third party custodian who will drive him from the NEOCC to the graduation ceremony in Norfolk, Virginia and back, and he is willing to abide by any restrictions imposed by the Court. (Docket No. 252, ¶ 17). While Defendant's daughter is no doubt well-intentioned, she has not been vetted by the Probation Office, nor would there be adequate time to do so given the timing of Defendant's Motion and the graduation. Furthermore, the mere fact that Defendant's daughter is willing to serve as his custodian and transport him to and from the graduation does not mean that she could adequately supervise an individual who is charged with an extremely serious drug trafficking offense and who has a criminal history as outlined above.

In sum, the Court understands that Defendant's desire to attend his sister's graduation ceremony led him to seek temporary release. However, the Court must also consider his danger to the safety of the community, the risk of non-appearance and the terms of any temporary release.[1] As discussed, certain of those considerations weigh strongly against Defendant's temporary release in

---

1    Additionally, Defendant has not demonstrated that temporary release from the NEOCC is warranted for the purpose of attending a graduation ceremony in Norfolk, Virginia during the ongoing COVID-19 pandemic, given that his temporary release plan does not include any necessary precautions to be taken due to the pandemic during his release or upon re-entry to the population at the NEOCC. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html (last visited June 15, 2022) (observing that Norfolk's community level currently is "low," but recommending the following actions based on this level: "Stay up to date with COVID-19 vaccines. Get tested if you have symptoms. People may choose to mask at any time. People with symptoms, a positive test, or exposure to

4

this case.  However, to the extent that arrangements can be made with the NEOCC to permit Defendant to attend the graduation virtually, the Court will permit Defendant to do so subject to the NEOCC's ability to facilitate same as outlined in the Court's Order below.

Accordingly, based on the foregoing, the Court enters the following Order:

AND NOW, this 15th day of June, 2022, IT IS HEREBY ORDERED that Defendant's Motion for Temporary Release (Docket No. 252) is DENIED.

IT IS FURTHER ORDERED that, **_subject to the NEOCC's availability of necessary technology and ability to do so_**, Defendant is permitted to participate in his sister's graduation ceremony at 4:30 p.m. on June 17, 2022 by video conference, using the facility's computer/video conference equipment.  Counsel for Defendant shall inquire as soon as possible whether the NEOCC is able to accommodate Defendant's use of videoconferencing equipment at that time, and, if it is available, counsel shall provide the NEOCC with the videoconference invitation/log in instructions which shall be created by Defendant's family.

_s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record
        United States Marshal
        United States Probation

---

someone with COVID-19 should wear a mask.").